GLD-197                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1904
_____

JERONIMO ROSADO, JR.,
Appellant

v.

ROGER S. VIRGIL; DOCTOR PIERSON; DONALD SKUNDA; ROBERT L. MAXA;
RHONDA SHERBINE; NICOLE BROWN; BRENDA HALE; T.L. GRAHM;
EDWARD WHITMAN; PAUL A. ENNIS; KURTGRANLUND; ERIC D. RAY;
STEPHANIE WHITMYRE; DANIEL G. LEE; DEBORAH LIPCHEY; PAUL ZOFCIN;
MICHAEL C. BARONE; RACHEL SPRINGER; JUDITH B. SELVEY; CATHERINE
MCVEY; C/O THOMPSON; K.P. REISINGER; JEFFREY A. BEARD; AMIE
POWERS; SHARON M. DOMBROWSKI; CHRISTINA KENNEDY; JAMES E.
HORNE; JOHN SAWTELLE; EDWARD WOJOCK; TIMOTHY L.MARK; DAVID S.
NOVITSKY; JAMES WESBERGER, Individually and in their Official Capacities; MS.
LUTZ; LISA HEADINGER; and MR. HOUGHES; DA WOODARD

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-09-cv-00156)
Magistrate Judge: Honorable Susan Paradise Baxter

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
June 7, 2012
Before: FUENTES, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: June 25, 2012)
_____

OPINION
_____

PER CURIAM

Jeronimo Rosado, Jr., formerly a prisoner at the State Correctional Institution at Forest (SCI-Forest) in Marienville, Pennsylvania, appeals from an order of the District Court denying his motion to amend filed after summary judgment had already been entered in favor of the defendants. For the following reasons, we will summarily affirm.

I.

Rosado commenced a *pro se* civil rights action in the District Court pursuant to 42 U.S.C. § 1983 in June 2009. He named as defendants two ophthalmologists, physician assistants, and other medical professionals under contract to perform services at SCI-Forest, as well as more than two dozen employees of the Pennsylvania Department of Corrections. Rosado claimed that some or all of the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments in connection with a corneal transplant performed on his right eye in December 2006 and subsequent medical treatment while he was incarcerated. He also claimed that certain defendants retaliated against him, violated his due process rights, and denied his access to the courts.

All parties consented to proceed before a Magistrate Judge in the District Court. On September 28, 2011, the Magistrate Judge granted motions for summary judgment filed by the remaining defendants[1] and denied Rosado's motion for summary judgment.

---

[1] The Magistrate Judge had previously dismissed four of the defendants on September 27, 2010.

Several months later, on March 1, 2012, Rosado filed what he stylized as a "Motion to Amend and Relief over the Subject Matter." The Magistrate Judge denied Rosado's motion by a text-only order entered on the docket on March 2, 2012, noting on the docket that the case had been closed. On March 29, 2012, Rosado filed a notice of appeal from, and motion for reconsideration of, the March 2, 2012 order. The Magistrate Judge subsequently denied the motion for reconsideration.

## II.

Our jurisdiction, which in cases tried before a Magistrate Judge by consent of the parties arises under 28 U.S.C. §§ 636(c)(3) and 1291, is limited to review of the Magistrate Judge's March 2, 2012 order denying Rosado's March 1, 2012 motion. We note that we do not have jurisdiction to review the September 28, 2011 order granting the defendants summary judgment as Rosado did not file a timely notice of appeal of that order. Fed. R. App. P. 4(a); see Bowles v. Russell, 551 U.S. 205, 209-14 (2007).[2] We also lack jurisdiction over the Magistrate Judge's subsequent denial of Rosado's motion for reconsideration, which Rosado did not separately appeal. Fed. R. App. P. 4(a)(4)(B)(ii).

## III.

---

[2] In his notice of appeal, Rosado suggested for the first time that he did not timely receive a copy of the September 28, 2011 order. In an appropriate case, we might hold the appeal in abeyance and order a limited remand so that the District Court could consider whether there is a basis under Fed. R. App. P. 4(a)(6) for reopening the time to file an appeal. We need not do so in this instance as Rosado's allegations were made in a filing that occurred after the 180-day time limit for filing such a motion. Fed. R. App. P. 4(a)(6)(B).

3

It is not entirely clear what pleading Rosado sought to amend or what other form of relief he sought by way his March 1, 2012 motion.  Any attempt by Rosado to amend his complaint or any other pleading after the entry of final judgment, however, would require the judgment to be set aside or vacated under Rule 59 or Rule 60.  Ahmed v. Dragovich, 297 F.3d 201, 207-09 (3d Cir. 2002).

To the extent Rosado's motion could be liberally construed as a motion for relief from a final judgment under Rule 60(b),[3] we have little difficulty affirming the Magistrate Judge's denial of that motion.  Our standard of review for a denial of a Rule 60(b) motion is abuse of discretion.  Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999).  "When a party requests post-judgment amendment of a pleading, a court will normally conjoin the Rule 60(b) and Rule 15(a) motions to decide them simultaneously, as it 'would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend.'"  Ahmed, 297 F.3d at 209 (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1489, at 695 (2d ed. 1990)).  The fact that an amended pleading would not cure the deficiencies in the original

---

[3] As a motion for reconsideration under Rule 59(e) is required to be brought within 28 day of the entry of judgment and would have been untimely, Fed. R. Civ. P. 59(e), Rosado's motion might better be treated as a motion under Rule 60.  Ahmed, 297 F.3d at 209.  Rosado's submission also fails, however, to satisfy the requirements for a Rule 59(e) motion.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) ("A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.").

4

pleading may be a reason for both denying a motion to amend and refusing to open a judgment under Rule 60(b).  Id.

Although Rosado's motion was short on substance, it attached additional information from a recent doctor's appointment and pictures of his eye.  Rosado apparently sought to include this material in the record in order to demonstrate the seriousness of his eye injury and to support his assertion that he continues to suffer adverse consequences.  The Magistrate Judge's decision to grant the defendants summary judgment on Rosado's medical treatment claims was not, however, based on any finding that Rosado's injuries to his eye were neither serious nor ongoing.  Rather, the Magistrate Judge found that the medical records demonstrated that defendants were not deliberately indifferent to Rosado's medical needs and that Rosado's claims were based on a disagreement over medical judgments that did not amount to an Eighth Amendment violation.  Thus, the additional information offered by Rosado would not appear in any way to cure the deficiencies that the Magistrate Judge found in granting summary judgment in favor of the defendants.  As such, we find no abuse of discretion in the Magistrate Judge's denial of Rosado's motion to reopen the judgment in order to amend any of his prior pleadings.

IV.

Accordingly, because no substantial question is presented by this appeal, we will summarily affirm the Magistrate Judge's March 2, 2012 order.  See Third Circuit LAR 27.4 and I.O.P. 10.6.